**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4510**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

WILLIAM LEE EBENSTEIN,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:13-cr-00461-CCE-1)

Submitted: December 17, 2014        Decided: December 19, 2014

Before WILKINSON and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mark E. Edwards, EDWARDS & TRENKLE, PLLC, Durham, North Carolina, for Appellant. Ripley Rand, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Lee Ebenstein appeals the downward variance sentence imposed by the district court after he pled guilty to receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1) (2012). On appeal, he contends his sentence is substantively unreasonable. We affirm.

We review a criminal sentence for reasonableness using "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 28, 41 (2007). Because Ebenstein asserts no procedural error, we consider whether the sentence is substantively reasonable, "tak[ing] into account the totality of the circumstances" and giving due deference to the district court's decision. Id. at 51. We presume on appeal that a sentence "within or below a properly calculated Guidelines range is [substantively] reasonable." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). Ebenstein bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." Id.

Here, the district court reasonably determined that a sentence of 144 months, a seven-month downward variance from the low end of the Guidelines range, was appropriate based on its thorough, individualized assessment of Ebenstein's case in light of his arguments and the § 3553(a) factors. Based on a totality

2

of the circumstances, we conclude that the district court did not abuse its discretion in imposing the chosen sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED